# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SHOLOM RUBASHKIN,

    Defendant.

No. 08-CR-1324-LRR

**ORDER**

_____

The matters before the court are the Motion for Order to Show Cause ("Motion") (docket. no 1008) and the Order granting the Motion (docket no. 1013).

Hearings were held on September 23, 2013 at 8:00 a.m. and on October 1, 2013 at 10:00 a.m. before the undersigned. The court made oral findings on the record that are now incorporated into this Order.

The government filed the Motion, alleging that Shalom Rubashkin's family members, lawyers and investigators violated Local Rule 47 (made applicable to criminal case by Local Rule 24.1), which provides:

> Except by leave of court, no party or lawyer, and no other person acting on their behalf, may contact, interview, examine or question any trial juror or potential trial juror before, during or after a trial concerning the juror's actual or potential jury service.

L.R. 47.

At the hearing held on September 23, Attorney Guy Cook and an unnamed associate lawyer of the law firm of Grefe and Sidney, P.L.C., Des Moines, Iowa and others acting on behalf of Shalom Rubashkin, including family members and attorney James R. Wyrsch of the law firm of Wyrsch, Hobbs & Mirakian, P.C., St. Louis, Missouri were found by

the court to have violated Local Rule 47. Both attorneys acknowledged they were aware of Local Rule 47. Mr. Cook, who claims to be an expert in federal criminal procedure, argues that he heard the undersigned give the attorneys permission to contact jurors when the jury was discharged after the verdict was read in open court. Mr. Wyrsch stated he relied on Mr. Cook's representations that the court had given the lawyers permission to contact the jurors after the verdict. Mr. Wyrsch also made a secondary argument that he relied on the local rules in the District of South Dakota.[1] Mr. Wyrsch clarified that he did not condone family members of Mr. Rubashkin contacting jurors by showing up at their homes and that he did not know this was being done.

The reason behind Local Rule 47, which has existed for decades and has been approved by all of the district court judges of the both the Northern and Southern Districts of Iowa for decades, is to protect jurors from harassment by parties or their lawyers who are dissatisfied with the jury's verdicts. The jurors in this case were entitled to the protection of Local Rule 47. They listened carefully to the evidence and arrived at a thoughtful verdict that was fully supported by the evidence. Unfortunately, the jurors in this case were not accorded the protection of the Local Rule 47 because defense attorneys, family members of Mr. Rubashkin and investigators working on behalf of Mr. Rubashkin wholly ignored it.

Equally elementary is the reason a court admonishes jurors not to discuss the case with others after they are advised that they are potential jurors and instructs them not to do so until after the publication of the jury's verdicts in open court. Such admonition ensures that the jurors' decisions are not influenced by sources other than the evidence that is introduced at trial and the instructions on the law that are presented at trial. And, providing this admonition to the jurors has been standard operating procedure for trial

---

[1] Mr. Rubashkin's trial took place in the District of South Dakota following a successful defense motion to change venue.

judges in the Northern and Southern Districts of Iowa for decades. After the verdict is returned in open court, nearly every trial judge lifts the admonition. The lifting of the admonition is directed to the jury and although judges may use different words, the message is clear—the jurors are authorized to discuss the case with others should they chose to do so. In lifting the admonition in this case, the court stated:

> THE COURT: All right, members of the jury, thank you very much for your very conscientious service in this case. It was a long case. It was a difficult case. And we very much appreciate the time that you took away from your family and yours jobs.
> And I told you at the beginning of this case that you could not talk to anyone about this case. I now lift that prohibition. You are free to talk about this case with anyone or with no one. It is totally up to you.

Trial Transcript, November 12, 2009 (docket no. 988) at 56.

Mr. Cook's argument is that by lifting the admonition to the jury and allowing them to discuss the case with others, the court also lifted the prohibition of Local Rule 47 on the attorneys and supporters of Mr. Rubashkin and, thereby, permitted them to contact jurors. Mr. Cook's argument is disingenuous and borders on the ridiculous. A fair reading of the trial transcript establishes that the court was addressing the jurors and not the lawyers when the admonition was lifted. The court's language was clear and unambiguous and did not negate the prohibition set forth in Local Rule 47. The reason behind Local Rule 47 continued to exist and became particularly applicable given the decisions made by the jury. Mr. Cook's argument is fundamentally flawed by reason, logic and common sense. The argument is so lacking in merit that an experienced trial lawyer would never make it to a federal judge.

Mr. Wyrsch's reliance on Mr. Cook is understandable but not excusable. Out-of-district lawyers have a tendency to rely on local counsel. Most of the time, such reliance is reasonable. However, every lawyer, regardless of whether they are licensed in Iowa or

3

are appearing pro hac vice, is expected to the know the local rules and follow them. Second, Mr. Wyrsch had the benefit of the trial transcript and could read for himself what the court said to the jurors. The Local Rules of the Northern and Southern Districts of Iowa are available on the website of both courts. Therefore, Mr. Wyrsch had the ability to do his own research. And finally, a review of the trial transcript would have revealed that Mr. Cook had violated the court's motion in limine during trial on two topics. Thus, Mr. Wyrsch was on notice that reliance on Mr. Cook to interpret and follow the rules would be risky. The argument that contact was authorized under the local rules of the District of South Dakota is meritless. The instant case was always a Northern District of Iowa case. Physically moving the court to South Dakota for trial as a result of a successful defense change of venue motion would never result in a change of the local rules. This seems elementary.

Given the record, the court found Attorney Guy Cook and an associate in the firm of Grefe & Sidney, P.L.C., Des Moines, Iowa, and others acting on behalf of Shalom Rubashkin, including but not limited to Attorney James R. Wyrsch of the firm of Wyrsch, Hobbs & Mirakian, P.C., St. Louis, Missouri, violated Local Rule 47 by contacting the trial jurors without permission.

At the October 1, 2013 hearing, Mr. Rubashkin, through Attorney Paul Rosenberg, stated that the juror interviews obtained in violation of the Local Rules will not be used in his case filed under 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED:**

1. Copies of the documents, recordings or other archives of the interviews of the petit jurors conducted, initiated or procured by any person acting on behalf of Sholom Rubashkin, including but not limited to Attorney Guy

Cook, Attorney James R. Wyrsch[2] and family members of Shalom Rubashkin, shall be transmitted to the United States Attorney for the Northern District of Iowa (c/o Assistant United States Attorney Peter Deegan) and the undersigned judge by no later than Friday, October 11, 2013, at 5:00 p.m. After these materials are received and reviewed by the government and the court, they will not be further disseminated. The court will file under seal the documents that it receives.

2. The content of the interviews of the petit jurors obtained in violation of the Local Rules shall not be used directly or indirectly in future legal proceedings relating to this case.

3. The parties and their lawyers are prohibited from making contact with any of the petit jurors in this case and may not interview, examine or question them concerning their jury service in this case.

**IT IS SO ORDERED**.

**DATED** this 8th day of October, 2013.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[2] Mr. Wyrsch already surrendered a summary of the interviews conducted in December of 2009 and September of 2013.